IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CBK PROPERTIES II, LLC,

    Plaintiff,

v.

LA TINAJERA, LLC d/b/a CASA AGAVE,

    Defendant.

Case No. 15-9259-JAR

## NUNC PRO TUNC MEMORANDUM AND ORDER

Plaintiff CBK Properties II, LLC originally filed this action in Wyandotte County, Kansas District Court to recover the premises it leased to Defendant La Tinajera, LLC, along with past due rent and expenses. Defendant filed a Notice of Removal in this Court, alleging diversity jurisdiction under 28 U.S.C. § 1332(a)(1). The Notice of Removal alleges that Plaintiff is a Missouri partnership, and thus a citizen of Missouri; it alleges that Defendant is a Kansas limited liability company with its principal place of business in Kansas, and thus a citizen of Kansas. This matter comes before the Court on Plaintiff's Motion to Remand (Doc. 5) under the forum defendant rule, and for failure to allege the $75,000 amount-in-controversy requirement. The motion is fully briefed and the Court has considered the parties' supplemental submissions. For the reasons explained in detail below, the Court denies Plaintiff's motion to remand.

### I.    Standard

Federal courts are required to remand a case to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."[1] The party seeking

---

[1] 28 U.S.C. § 1447(c).

1

removal has the burden of proof to establish this Court's jurisdiction.[2] The basis for removal here is diversity jurisdiction, which exists where the parties are completely diverse and the amount-in-controversy exceeds $75,000.[3]

## II.     Discussion

### A.     Diversity of Citizenship

Based on the allegations in the Notice of Removal, the Court would have original jurisdiction over this action because the parties are completely diverse and the amount-in-controversy alleged exceeds $75,000. But in removal actions, an additional requirement applies: "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."[4] Under the forum defendant rule, this case should be remanded based on the allegations of citizenship in the Notice of Removal because Defendant is alleged to be a citizen of Kansas.

But Defendant responded to the motion to remand by asserting that its citizenship as a limited liability company is determined by the citizenship of each of its members, and that because its only member is Jose Pablo Lopez, a citizen of Mexico who resides in Kansas but is not a United States citizen, Defendant is a foreign citizen and the parties are therefore diverse. Plaintiff replies that citizenship for purposes of the forum defendant rule is determined by a party's domicile, rather than by a party's formal citizenship status, and because Mr. Lopez is domiciled in Kansas, Defendant cannot remove this case under the forum defendant rule.

---

[2]*Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).
[3]28 U.S.C. § 1332(a).
[4]28 U.S.C. § 1441(b)(2).

The forum defendant rule incorporates 28 U.S.C. § 1332(a), which previously read that "[f]or purposes of this section, section 1335, and section 1441, an alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which such alien is domiciled."[5] Under this previous version of section 1332(a), the forum defendant rule prevented removal of a case by a permanent resident alien who was domiciled in the forum state.[6] Congress amended section 1332(a) in 2011 as it relates to permanent resident aliens.[7] Section 1332(a)(2) now reads that district courts have original jurisdiction in cases between

> citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State.[8]

Because the parties did not address in their briefs whether Mr. Lopez is a permanent resident alien for purposes of section 1332(a), and if so whether the forum defendant rule prohibits removal by Defendant, the Court directed supplemental briefing on those questions. The Court has reviewed the briefs and concludes that Defendant's interpretation of the statutes as applied to this case is correct.

Under Tenth Circuit precedent, for purposes of diversity citizenship an LLC takes the citizenship of all of its members.[9] Although the Notice of Removal does not demonstrate the citizenship of La Tinajera's members, Defendant asserts in the briefs that its sole member, Mr.

---

[5]28 U.S.C. § 1332(a) (amended 2011).

[6]*See Myers v. Air Serv. Corp.*, No. 1:07cv911, 2008 WL 149136, at *1 (E.D. Va. Jan. 9, 2008) ("[W]here a plaintiff files suit in state court against a permanent resident alien domiciled there, the forum defendant rule prevents removal.") (citing 28 U.S.C. §§ 1332(a), 1441(b)).

[7]Pub. L. 112-63, 125 Stat. 758 (2011) (codified at 28 U.S.C. § 1332(a)).

[8]28 U.S.C. § 1332(a) (2011).

[9]*Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015); *see also Mgmt. Nominees, Inc. v. Alderney Invs., LLC*, –F.3d–, 2016 WL 683836, at *4 (10th Cir. Feb. 19, 2016) (remanding case for dismissal because there were *only* foreign entities on both sides of dispute after determining citizenship of LLC members).

Lopez, is a lawfully admitted permanent resident of the United States who is a citizen of Mexico. Assuming the truth of this allegation, this action would be between citizens of a State and a foreign state who is lawfully admitted for permanent residence in the United States.  They are not domiciled in the same state, as Plaintiff is alleged to be located in Missouri and Defendant is alleged to be located in Kansas.  Therefore, under § 1332(a), this Court would have original jurisdiction over the matter.  And because Defendant is not a citizen of Kansas, but instead a citizen of a foreign state, he cannot be subject to the forum defendant rule as urged by Plaintiff. The forum defendant rule explicitly incorporates § 1332(a).  Plaintiff's argument that the Court should look at where the LLC member is domiciled for purposes of the forum defendant rule relies on statutory language that was removed from § 1332(a) in 2011.  Plaintiff has pointed the Court to no authority that the forum defendant rule applies based on the domicile of a foreign resident, under the 2011 amendments to § 1332.

      The Court therefore grants Defendant leave to amend its Notice of Removal to properly allege the jurisdictional facts relating to Defendant's citizenship to align with the facts as stated in its briefs.  The Court finds that the properly alleged jurisdictional facts fulfill Defendant's burden of establishing complete diversity of the parties in this matter and the motion to remand is denied on this basis.

      **B.**      **Amount-in-controversy**

      The amount-in-controversy is determined by the allegations in the complaint, and where they are not dispositive, by the allegations in the notice of removal.[10]  In *Owens v. Dart Cherokee Basin Operating Co.*,[11] the Supreme Court held that a removing "defendant's notice of

---

[10] *See, e.g.*, *Chen v. Dillard Store Servs., Inc.*, 579 F. App'x 618, 620 (10th Cir. 2014) (quoting *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995)).

[11] 135 S. Ct. 547 (2014).

4

removal need include only a plausible allegation that the amount-in-controversy exceeds the jurisdictional threshold" and does not require extrinsic evidence.[12] In reaching its conclusion, the Court stated that "evidence establishing the amount is required . . . only when the plaintiff contests, or the court questions, the defendant's allegation."[13] Proof to a legal certainty is not required, but the Court may use discovery to determine whether the amount-in-controversy exceeds the jurisdictional threshold.[14] When a dispute arises, the Court "must make findings of jurisdictional fact to which the preponderance standard applies."[15]

Plaintiff urges the Court to evaluate the amount-in-controversy at the time it filed the original petition in state court, and characterizes the amount as "$50,421.90–no more, no less."[16] The prayer for relief in Count I of the original petition seeks

> a money judgment on Count I in the amount of $50,421.90, for rent and other associated charges, including late fees, incurred after July 31, 2015, for post judgment interest from and after the date of judgment and the legal rate and for such other and further relief as the Court deems just and equitable.[17]

Just before this prayer for relief, however, Plaintiff alleges that, in addition to past due rent and monthly charges and expenses as of July 1, 2015, it is entitled to "other continuing monthly charges and expenses payable under the terms of the Lease."[18] Plaintiff alleges in paragraph 10 that it is entitled to receive "rent at the rate of $9,500.00 a month as well as associated monthly charges at the rate of $3,069.44 per month, *all due and payable on the 1st day of each month*

---

[12]*Id.* at 554.
[13]*Id.*
[14]*Id.*
[15]*Id.*
[16]Doc. 10 at 5.
[17]Doc. 1, Ex. 1 at 7.
[18]*Id.* at 6.

*from and after July 10, 2015.*"[19]  The aggregate of monthly rent and charges alleged by Plaintiff in paragraph 10 is $12,569.44.  The Court does not agree with Plaintiff's characterization of the petition as seeking no more or less than $50,421.90.  A fair reading of the petition in its entirety reveals that Plaintiff seeks the amount of $50,421.90 for rent and associated charges up to July 1, 2015.  But Plaintiff also seeks rent and associated charges for each month after July 10, 2015.  Although the comma placement in Plaintiff's original prayer for relief is somewhat confusing, the Court finds that properly read in context with the preceding paragraphs, it seeks (1) $50,421.90; (2) rent and associated charges incurred after July 31, 2015; and (3) post judgment interest.

The Court finds that the Notice of Removal accurately reflects this prayer for relief:

Plaintiff claims damages in the amount of $50,421.90 as of July 1, 2015.  Plaintiff also claims additional monthly damages of $12,569.44 for August and $12,569.44 for the month of September for a total of $75,560.78.  Plaintiff claims additional monthly damages in the amount of $12,569.44 for the duration of the lease.[20]

The Court finds that Defendant's amount-in-controversy allegation in the Notice of Removal fairly represents the amount sought in the original petition, which exceeds $75,000.  Accordingly, Plaintiff's motion to remand is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Remand (Doc. 5) is **denied**.  Within seven (7) days, Defendant shall file an amended Notice of Removal to properly allege its citizenship.

**IT IS SO ORDERED.**

---

[19] *Id.*

[20] Doc. 1 ¶ 9.

Dated: <u>March 21, 2016</u>

                                       <u>S/ Julie A. Robinson</u>
                                       JULIE A. ROBINSON
                                       UNITED STATES DISTRICT JUDGE