IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CBK PROPERTIES II, LLC,**<br><br>　　**Plaintiff,**<br><br>　　v.<br><br>**LA TINAJERA, LLC D/B/A CASA AGAVE RESTAURANT,**<br><br>　　**Defendant.** | Case No. 15-9259-JAR-GLR |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant La Tinajera, LLC, d/b/a Casa Agave Restaurant's Motion to Dismiss (Doc. 21).  Plaintiff CBK Properties II, LLC, originally filed this action in Wyandotte County, Kansas District Court to recover the premises it leased to Defendant, along with past due rent and expenses.  Defendant filed a Notice of Removal in this Court (Doc. 1), and Plaintiff responded by filing a Motion to Remand to State Court (Doc. 2).  On March 21, 2016, the Court entered an order denying Plaintiff's Motion to Remand (Doc. 17).  The motion is fully briefed and the Court is prepared to rule.  For the reasons stated below, the Court denies Defendant's Motion to Dismiss.

**I.  Discussion**

　　**a.  Sufficiency of Notice**

Defendant seeks dismissal of Count I of the petition on the basis that Plaintiff fails to state a claim for relief because Plaintiff did not provide sufficient notice to Defendant as required by Kansas law before filing the instant action for eviction.  Defendant argues that such notice was a "jurisdictional prerequisite" to this action, and that the Court lacks jurisdiction because Plaintiff did not provide proper notice.  In its petition, filed in state court on August 12, 2015,

Plaintiff alleged that "La Tinajera has been provided the notice as required by K.S.A. § 61-3803. A true and correct copy of the notice is attached hereto as Exhibit B[] and is incorporated herein by reference."[1]  The notice attached to the petition was dated July 31, 2015, and stated:

> YOU ARE HEREBY NOTIFIED that you are indebted to CBK Properties II, LLC in the sum of Fifty Thousand Four Hundred Twenty One and 90/100's Dollars ($50,421.90) for the rent and use of the premises 1340 Village West Parkway, Kansas City, Wyandotte County, Kansas now occupied by La Tinajera, LLC.  If La Tinajera, LLC does not either pay the above amount in full or vacate the premises within 3 days from the date of delivery of this notice, CBK Properties II, LLC will begin legal action against La Tinajera, LLC for the past due rent and possession of the property.[2]

Defendant cites K.S.A. §§ 61-3803, 58-2564(b), and 58-25,120(b) for the proposition that Plaintiff was required to serve notice on Defendant that it had three days to cure the rent deficiency or vacate the premises before Plaintiff filed the instant action.  K.S.A. §§ 58-2564(b) and 58-25,120(b) each provide that "the landlord may terminate the rental agreement" if a rental payment is unpaid when due and the landlord provides notice to the tenant three days before termination indicating the tenant's nonpayment and the landlord's intention to terminate the agreement.[3]  K.S.A. § 61-3803 states that

> Before a lawsuit to evict a person pursuant to K.S.A. 61-3801 through 61-3803, and amendments thereto, is filed, the party desiring to file such lawsuit shall deliver to the other party a notice to leave the premises for which possession is sought.  The notice shall be delivered at least three days before commencing the lawsuit, by leaving a written copy with the other party or by leaving a copy thereof with any person over the age of 12 years residing on the premises described in such notice, or if no such person is found upon the premises, by posting a copy of such notice in a conspicuous place thereon, or by mailing a copy of the notice to the other party at the address of the premises described in the notice.[4]

---

[1] Doc. 1-1 at 6.

[2] *Id.* at 33, 46.

[3] K.S.A. §§ 58-2564(b), 58-25,120(b).

[4] K.S.A. § 61-3803.

2

Defendant argues that Plaintiff failed to serve Defendant notice pursuant to these provisions.

K.S.A. § 58-2564(b) is part of the Kansas Residential Landlord and Tenant Act ("KRLTA"), and applies to rental agreements between "landlords" and "tenants."[5] Under the KRLTA, a landlord is defined as "the owner, lessor, or sublessor of the dwelling unit," and a tenant is defined as "a person entitled under a rental agreement to occupy a dwelling unit to the exclusion of others."[6] A "dwelling unit" is further defined as "a structure or part of a structure that is *used as a home, residence or sleeping place* by one person who maintains a household or by two or more persons who maintain a common household."[7] As these definitions demonstrate, the KRLTA applies to residential—rather than commercial—leases. K.S.A. § 58-25,120(b) is encompassed within the Kansas Mobile Home Parks Residential Landlord and Tenant Act, which "govern[s] the rental of mobile home space in mobile home parks."[8] Thus, as Plaintiff correctly argues, these laws do not apply to the commercial lease at issue in this case.

By contrast, K.S.A. § 61-3803 applies broadly to "lawsuits brought to evict a person from possession of real property or of an interest in real property."[9] Thus, the Court analyzes the sufficiency of the notice at issue under § 61-3803. Defendant argues that Plaintiff failed to provide proper notice to vacate the premises before filing the instant action, but does not provide any argument as to how such notice was lacking. In ruling on Defendant's motion to dismiss, the Court may consider the notice attached to Plaintiff's petition.[10] Based on a review of this

---

[5]K.S.A. § 58-2564(b).

[6]K.S.A. § 58-2543.

[7]*Id.* (emphasis added).

[8]K.S.A. § 58-25,101.

[9]K.S.A. § 61-3801.

[10]*Pace v. Swerdlow*, 519 F.3d 1067, 1072 (10th Cir. 2008) (explaining that courts may consider documents referred to in a complaint or attached to a complaint in ruling on a motion to dismiss); *In re Sprint Corp. Sec. Litig.*, 232 F. Supp. 2d 1193, 1210 (D. Kan. 2002).

3

notice, it is clear that Plaintiff provided notice to Defendant to pay the remaining debt in full or vacate the premises within three days of receiving the notice.[11]  This notice was sent to "Mr. Jose Pablo Lopez, La Tinajera, LLC, 1340 Village West Parkway, Kansas City, Kansas 66111," which is the "address of the premises described in the notice."[12]  Additionally, the notice was sent on July 31, 2015, more than twelve days before Plaintiff filed its petition in state court on August 12, 2015, and well within the timeframe set out in § 61-3803.[13]  The Court cannot find that notice was lacking under § 61-3803.  Therefore, the Court denies Defendant's motion to dismiss Count I.

### b. Attorney's Fees

Count II of the petition seeks attorney's fees pursuant to Section 9.5 of the Lease.  Defendant seeks dismissal of this Count based on the application of K.S.A. § 58-2547, which provides that "No rental agreement may provide that the tenant or landlord: . . . agrees to pay either party's attorneys' fees."[14]  K.S.A. § 58-2547 is encompassed within the KRLTA, which the Court has previously found does not apply to this case.  Further, the Kansas Court of Appeals has held that "an agreement included in a commercial lease for recovery of reasonable attorney fees is valid and enforceable in Kansas, in the absence of any statutory prohibition against such a provision."[15]  Because § 58-2547 does not apply, there is no statutory prohibition against the attorney's fee provision in the Lease.  Therefore, the Court denies Defendant's motion to dismiss Count II.

---

[11] Doc. 1-1 at 33, 46.

[12] *Id.* at 33, 46–47.

[13] *See id.* at 5 (reflecting petition filing date of August 12, 2015).

[14] K.S.A. § 58-2547.

[15] *Oak Park. Inv. Co. v. Lundy's, Inc.*, 626 P.2d 1236, 1238 (Kan. Ct. App. 1981).

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to dismiss is **denied.**

**IT IS SO ORDERED.**

Dated: May 3, 2016

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE